**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------

ROOSEVELT PINCKNEY,

           Plaintiff,          Civil Action: 08-4430 (RMB)

       v.                   **O P I N I O N**

N.J. DEP'T OF CORRECTIONS,

           Defendant.

----------------------------------------

**APPEARANCES:**

Roosevelt Pinckney, Pro Se
#451822
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101

**BUMB**, District Judge

    Plaintiff Roosevelt Pinckney, a prisoner confined at the
Riverfront State Prison in Camden, New Jersey, brings this civil
action alleging violations of his constitutional rights, pursuant
to 42 U.S.C. § 1983.  Plaintiff submitted an application to
proceed in forma pauperis, in accordance with 28 U.S.C. § 1915.[1]
Based on his affidavit of indigence and the absence of three
qualifying dismissals within 28 U.S.C. § 1915(g), the Court will

---

[1]  Plaintiff's case was administratively terminated on
September 24, 2008, for failure to submit a complete in forma
pauperis application.  On October 2, 2008, plaintiff submitted
his prison account statement, rendering his application complete.
Thus, by separate order, this case was reopened.

grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>,
pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court
to file the complaint.

   At this time, the Court must review the complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2) and
1915A(b).

<u>**BACKGROUND**</u>

   According to the complaint, on September 28, 2007, plaintiff
was treated at the prison infirmary and released to "B-Unit
second floor bed space" with crutches.  The next day, September
29, 2007, plaintiff "came down the steps and slipped and fell
down the steps."  Plaintiff contends that there were no signs
warning inmates that the floor was wet.  Plaintiff does not
allege any injury as a result of the fall.

   As a result of the slip and fall, plaintiff asks this Court
to award him monetary damages for pain and suffering.  The sole
defendant named in the complaint is the New Jersey Department of
Corrections.

2

## DISCUSSION

### A.    Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled

3

allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See</u> <u>id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

B.   __Section 1983 Actions__

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  See __West v. Atkins__, 487 U.S. 42, 48
(1988); __Piecknick v. Pennsylvania__, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

C.   __Plaintiff Does Not Name a Proper Defendant.__

Plaintiff names only "N.J. Department of Corrections" as a
defendant in this action.

The Eleventh Amendment to the United States Constitution
provides that, "The Judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or
prosecuted against one of the United States by citizens of
another State, or by Citizens or Subjects of any Foreign State."

5

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a "person" liable to suit under § 1983).

Title 28 of the United States Code, Section 1915(e)(2)(B)(iii) requires this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."  Therefore, for the foregoing reasons, any claims

against the New Jersey Department of Corrections must be
dismissed, with prejudice.

**D.   Plaintiff Has Not Shown a Violation of a Federal Right**

As noted, to assert jurisdiction under § 1983, a plaintiff
must allege facts indicating that the conduct of a state actor
deprived him of rights, privileges, or immunities secured by the
Constitution or laws of the United States.  While the plaintiff
notes that he utilized the prison medical care department, he
does not allege any complaints regarding his medical care.  Thus,
it does not appear that the plaintiff is alleging an Eighth
Amendment medical care claim.

Nor does it appear that plaintiff is stating an Eighth
Amendment conditions of confinement claim, or a due process
violation.  It has been held that prison officials are not
subject to liability as the result of negligent acts that cause
unintended injury to inmates.  See Daniels v. Williams, 474 U.S.
327 (1986).  Further,

> "[T]he Due Process Clause is simply not implicated by a
> negligent act of an official."  Section 1983 is not a
> "font of tort law to be superimposed upon whatever
> systems may already be administered by the States."
> Rather, liability requires "more than ordinary lack of
> due care for the prisoner's interests or safety."

Litz v. City of Allentown, 896 F. Supp. 1401, 1408 (E.D. Pa.
1995)(emphasis in original)(quoting Daniels, 474 U.S. at 328;
State Bank of St. Charles v. Camic, 712 F.2d 1140, 1147 (7th
Cir.), cert. denied, 464 U.S. 995 (1983); Whitley v. Albers, 475

U.S. 312, 319 (1986))(other internal citations omitted).  Thus, liability under § 1983 may only be imposed on prison officials when there has been "intentional conduct, deliberate or reckless indifference to the prisoner's safety, or callous disregard on the part of prison officials."  Davidson v. O'Lone, 752 F.2d 817, 828 (3d Cir. 1984) (en banc), aff'd, Davidson v. Cannon, 474 U.S. 344 (1986).  In the instant case, the plaintiff has not pled any facts of deliberate indifference sufficient to impose liability under § 1983.

In a recent Third Circuit case, the plaintiff, a Delaware state prisoner, slipped and fell on a wet floor, injuring his back.  See Bacon v. Carroll, 232 Fed. Appx. 158, 159-160 (3d Cir. 2007).  In affirming the District Court's dismissal of the claims pursuant to 28 U.S.C. § 1915, the Third Circuit explained:

> A prison official violates the Eighth Amendment when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities."  Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference."  Although a wet floor may pose a substantial risk, Bacon's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment.  Because we agree with the District Court that Bacon's claim amounts merely to negligence, his allegations regarding the wet floor are not actionable under § 1983.

Id. at 160 (internal citations omitted).

Therefore, even liberally construing the plaintiff's complaint, the Court finds that it alleges no constitutional violation.  The plaintiff makes negligence claims only, which are state law claims.  He makes no federal constitutional claims of deprivation of his rights, privileges or immunities secured by the Constitution or federal laws.  Thus, the plaintiff has not alleged a proper claim under 42 U.S.C. § 1983.

Any potential state law claims regarding this incident will be dismissed by this Court, pursuant to 28 U.S.C. § 1367(c)(3), which states that where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, and because the Court is dismissing plaintiff's claims under § 1983, this Court will also dismiss the plaintiff's state law claims without prejudice to the plaintiff bringing the claims in state court.

9

## CONCLUSION

For the reasons set forth above, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), and 1915A(b)(1) and (2).  Any potential state law claims will be dismissed, without prejudice to plaintiff raising them in state court.  An appropriate order accompanies this opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: November 3, 2008

10